UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACORN, CONNECTICUT COMMON CAUSE, CONNECTICUT CITIZEN ACTION GROUP, CONNECTICUT PUBLIC INTEREST RESEARCH GROUP, PEOPLE FOR THE AMERICAN WAY, CONNECTICUT WORKING FAMILIES PARTY, DEMOCRACYWORKS, SANDEEPAN MUKHERJEE, STEVEN CANADY, JOSE CAMPODONICO, GARVIN ROOS, CLEONICE RAMALH, JEZEL DUPIGNY, ROBIN GARRO, NAJLA SHAH, and SUSAN SORENSEN,<br><br>         Plaintiffs,<br><br>v.<br><br>SUSAN BYSIEWICZ, in her official capacity as Secretary of State for the State of Connecticut,<br>         Defendant. | : CIVIL. ACTION NO.<br>: 3:04-CV-1624 (MRK)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: APRIL 25, 2005 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF LORRAINE C. MINNITE**

Plaintiffs respectfully submit this memorandum of law in response to Defendant's motion *in limine* to preclude the testimony of Professor Lorraine C. Minnite in this action. In the interest of judicial economy, Plaintiffs no longer seek Professor Minnite's qualification as an expert. Rather, Plaintiffs seek admission of fact testimony from Professor Minnite on the incidence of news reports of potential voter fraud in states that have Election Day Registration ("EDR"). So streamlined, Professor Minnite's

testimony will aid greatly the Court's understanding of critical legal questions in this case without unduly prolonging the trial.

## I.     Introduction

Plaintiffs filed suit against the Secretary of the State of Connecticut seeking declaratory and injunctive relief on the ground that Connecticut's 14-day registration deadline for general elections violates the First and Fourteenth Amendments of the United States Constitution.  Plaintiffs contend that the 14-day registration deadline imposes an impermissibly heavy burden on citizens' right to vote, as demonstrated by the 30,000+ citizens disenfranchised in the past two general elections.  *See* Plaintiffs' Proposed Findings of Fact ("PPF") ¶¶ 9, 10.  The State's defense rests on the assertion that a 14-day registration deadline is necessary to prevent fraud.  *See* Defendant's Pretrial Bench Brief at 22-23.  Plaintiffs' evidence, however, demonstrates that a 14-day deadline does not meaningfully further the State's interests in deterring and detecting fraud and that there are far less burdensome alternatives, as is shown by statements and proposals made by the State and its elected officials, including the Defendant Secretary of State, the Attorney General, and the Executive Director of the State Election Enforcement Commission ("SEEC") Jeffrey Garfield, and by the evidence concerning the EDR states.  Testimony from Kevin Kennedy, the Executive Director of the Wisconsin State Elections Board, and Joseph Meyer, the Secretary of State of Wyoming, among others, shows that EDR has not facilitated fraud in Wisconsin or Wyoming.  PPF ¶¶ 618-19, 634.  Professor Minnite's factual testimony *inter alia*, provides a context for and confirms their experiences.

**II.     The Court Should Permit Professor Minnite's Testimony as a Fact Witness**

Professor Minnite is an Assistant Professor of Political Science at Barnard College, Columbia University.[1]  Plaintiffs designated Professor Minnite as an expert witness, and served and filed her expert disclosures, including a report, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), on December 1, 2004.  Plaintiffs also served and filed an update to Professor Minnite's report on or about February 21, 2005.

In preparing those reports, Professor Minnite conducted extensive research that gave her first-hand knowledge of the reported incidence of voter-related fraud in the six states that have EDR.  She conducted a Lexis-Nexis research review of national, state, and local newspaper accounts of voter and election fraud in each of the six EDR states, going back as far as 1990 and yielding some 3,000 articles.  *See* Ex. 73, Report of Lorraine C. Minnite dated November 29, 2004 ("Minnite Rpt. 1") at 5-6.[2]  She also conducted searches of local news and wire stories for the six states with EDR, for the period between the third week of August 2004 (when her previous research ended) and the first week in February 2005.  *See* Ex. 120, Report of Lorraine C. Minnite dated February 21, 2005 ("Minnite Rpt. 2") at 2. Her methodology follows standard practices in the field of political science for the collection of empirical data.  *See* Minnite Rpt. 1 at

---

[1] Professor Minnite holds a B.A. in History, an M.A. in Political Science, an M.Phil in Political Science (with a major in American Politics and a minor in Public Policy), and a doctorate in Political Science.  She teaches courses on American government, political participation and democracy, urban politics and urban studies, as well as a two-semester senior research seminar on American politics, including instruction in research methodologies.

[2] In addition, Professor Minnite also communicated with top elections officials in four of the six EDR states, including the Secretaries of State in New Hampshire and Wyoming, and officials in Secretaries of State offices in Idaho and Minnesota. Minnite Rpt. 1 at 6.  She also conducted research on Connecticut. *Id.*

4.[3]  Moreover, her research is to date the most extensive study of election-related fraud in the United States.[4]

Based on her research, Professor Minnite has personal knowledge of reports in nationwide news concerning allegations of voter fraud in the six states with EDR.  To be sure, Professor Minnite does not have first-hand knowledge of whether actual voter fraud occurred in any of these reported incidents.  Rather, Plaintiffs seek to present Professor Minnite's testimony on the frequency of reports of alleged fraud.  *See, e.g., United States v. Manor*, 611 F.2d 107, 110 (5th Cir. 1980) (distinguishing between personal knowledge of the contents of documents and the truth of those contents).

Specifically, Professor Minnite will testify that her research revealed relatively few reported cases of fraud in the EDR states in comparison to the number of votes cast in those states.  *See* Ex. 73, Minnite Rpt. 1 at 12.  In the few reports she found dating from before the November 2, 2004 election, there was no intent to commit fraud or intent was a disputed issue in the case.  *Id.*  For example, Professor Minnite uncovered reports in Wisconsin of felons who mistakenly voted not knowing that they were ineligible to vote by virtue of their criminal status.  Ex. 73, Minnite Rpt. 1 at 28 (Table 2).  More significantly, none of the reported cases were committed by violating the states' EDR procedures, but rather by violating pre-registration or absentee ballot

---

[3]  More generally, social scientists have long used the techniques that Professor Minnite applied in this case.  *See, e.g.,* Tilly, *et al., The Rebellious Century: 1830-1930* (1975).

[4] The State draws attention to Professor Minnite's other election-related work and distinctions and argues that her research for a report by Demos and those done in this case are an insufficient basis for her evidence.  Defendants' Memorandum in Support of Motion *in Limine* to Exclude Testimony of Proposed Expert Lorraine C. Minnite ("Def. Mem.") at 6-9.  Notably, Defendant does not allege that there is any other political scientist in the United States with more experience or that there is any other, more extensive research into voter fraud.  Simply put, Professor Minnite's work is at the cutting edge of a budding area of highly specialized study.

procedures. Ex. 73, Minnite Rpt. 1 at 12, 28. In the few reports of potential voter fraud in connection with the 2004 election, only one arguably relates to EDR – the return of more than 1200 confirmation notices mailed to Election Day registrants – and the investigation is still pending. Ex. 120, Minnite Rpt. 2 at 17-18.

Professor Minnite's testimony of the incidence of reported fraud in news sources is of considerable, and uncontested, aid in assessing whether the 14-day registration deadline furthers the State's fraud deterrence and detection interests. Defendant herself relies on a report that conducted a "nine-month survey of American daily newspapers" to identify evidence of fraud. Def. Mem. at 24 (quoting Davidson, *et al.*, *Republican Ballot Security Measures Programs: Vote Protection or Minority Vote Suppression—or Both*). Professor Minnite elaborates:

> [V]oter fraud allegations are of significant interest to the public.
> Moreover, losers in closely contested elections have an interest in ensuring
> that their loss is not due to fraud. It is reasonable therefore to assume that
> the issue will be reported on by newspapers and journalists and brought to
> the public's attention, which means that news searches . . . . are
> nevertheless a fairly good way of gauging the overall record on fraud.

Minnite Rpt. 1 at 3. Officials of other EDR states agree that it is unlikely that voter fraud will pass unreported. *See* Ex. 74, Declaration of Kevin Kennedy ¶ 43.

In short, Plaintiffs do not offer Professor Minnite's testimony for to the truth of the relevant news reports. Rather, Professor Minnite will give testimony solely on her direct knowledge of the frequency of reports in the EDR states concerning voter fraud and the contents of those reports.

The Court of course can draw whatever inferences are warranted from Professor Minnite's testimony. If the Court believes that it would be aided by expert opinion from

5

Professor Minnite – particularly in light of the acknowledged absence of other experts and more extensive studies on voter fraud – it could seek those inferences consistent with Federal Rule of Evidence 702.  *See* Fed. R. Evid. 702 (permitting "scientific, technical, or other specialized knowledge [that] will *assist* the trier of fact to understand the evidence or to determine a fact in issue") (emphasis added).  As the Court has reiterated, it is well-established that Rule 702's restrictions on expert testimony protect principally the jury, rather than the judge acting as fact-finder.[5]

### III.    Conclusion

For the aforementioned reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Preclude the Expert Testimony of Lorraine C. Minnite insofar as it concerns Professor Minnite's testimony as to the facts of which she has direct knowledge as a result of her research, and insofar as the Court deems her expert testimony of assistance.

---

[5] *See, e.g., Rondout Valley Cent. Sch. Dist. v. Coneco Corp.*, 321 F. Supp. 2d 469, 473-474 (N.D.N.Y. 2004) ("The trial court has always had broad latitude over the admission of evidence and it has been particularly broadened with respect to the admissibility or exclusion of expert evidence.... This principle of broad discretion is never more evident [than] where the court has to determine if the expert testimony will be helpful to the fact finder....  Such deference is particularly profound with respect to bench trials because the trial court is presumed to be able to exclude improper inferences from his or her own decisional analysis.") (citations and quotation marks omitted).

| | |
|---|---|
| /s/Terence J. Gallagher (ct22415) <br> Stanley A. Twardy, Jr. (ct22415) <br> Terence J. Gallagher (ct22415) <br> DAY, BERRY & HOWARD LLP <br> One Canterbury Green <br> Stamford, CT 06901 <br> Ph: (203) 977-7300 | Frederick A.O. Schwarz, Jr., Esq. (phv0015) <br> Jennifer R. Weiser, Esq. (phv0016) <br> Elizabeth Daniel, Esq. (ct23602) <br> Aziz Huq, Esq. (phv0017) <br> BRENNAN CENTER FOR JUSTICE <br> at New York University School of Law <br> 161 Avenue of the Americas, 12th Floor <br> New York, NY 10013 <br> Ph: (212) 998-6730 |
| James W. Quinn, Esq. (ct24128) <br> Steven A. Reiss, Esq. (ct08291) <br> Pierre M. Davis, Esq. (ct26408) <br> WEIL, GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Ph: (212) 310-8000 | Annette M. Lamoreaux, Esq. (ct25769) <br> CONNECTICUT CIVIL LIBERTIES UNION FOUNDATION <br> 32 Grand Street <br> Hartford, CT 06106 <br> Ph: (860)247-9823 <br> Fax: (860)728-0287 <br> Email: annettel@cclu.org |

Of Counsel

Elliot Mincberg, Esq.
PEOPLE FOR THE AMERICAN
WAY FOUNDATION
2000 M Street, N.W., Ste. 400
Washington, D.C. 20036
Ph: 202-467-4999

7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACORN, et al., | : CIVIL. ACTION NO. |
| Plaintiffs, | : 3:04-CV-1624 (MRK) |
| v. | : |
| SUSAN BYSIEWICZ, | : |
| Defendant. | : APRIL 25, 2005 |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 25, 2005, a copy of the foregoing Memorandum of Law in Opposition to Defendant's Motion in Limine to Preclude Testimony of Lorraine C. Minnite was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone not registered to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                      /s/ Terence J. Gallagher
                      Terence J. Gallagher(ct22415)
                      Day, Berry & Howard LLP
                      One Canterbury Green
                      Stamford, Connecticut 06901-2047
                      Phone:  (203) 977-7300
                      Fax:     (203) 977-7301
                      E-mail:  tjgallagher@dbh.com